UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY A. WERNER, JR.,

            Plaintiff,

    -against-

NEW YORK CITY; ALVIN L. BRAGG JR;
MYLES ASHONG; CATHERINE MAROTTA;
R. BADAGLIACCO,

            Defendants.

24-CV-9543 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is incarcerated at Marcy Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, seeking to challenge his New York County August 8, 2023 conviction, entered under indictment number SCR 73033/23. By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

This action concerns Plaintiff's arrest and conviction for aggravated harassment in New York County and his August 8, 2023 sentence to time-served. Plaintiff claims that he "never accepted th[e] guily plea on August 8, 2023 and I wanted to go to trial." (ECF 1, at 4.) He alleges that he "felt coerced and decided to let [his attorney] win." (*Id.* at 5.) He also alleges that "[i]mmediately after [his lawyer] forcibly coerced me I indicated that I wanted a notice of appeal filed on my behalf and he ignored me." (*Id.*) Plaintiff seeks money damages.

Plaintiff attaches to his complaint an affimation signed by his appellate attorney, indicating that The Legal Aid Society is representing Plaintiff in his appeal of the August 8, 2023 conviction. (*Id.* at 19.)

In another pending action in this court, filed by Plaintiff prior to his filing this action, *see Werner v. City of New York*, No. 24-CV-4186 (PAE), Plaintiff submitted an amended complaint in which he sought to challenge his August 8, 2023 conviction, in addition to two other convictions. By order dated January 10, 2025, Judge Paul A. Engelmayer declined to construe the amended complaint as a petition under 28 U.S.C. § 2254 because it was clear Plaintif had not exhausted his state court remedies with respect to his three convictions, including the August 8, 2023 conviction. Judge Engelmayer dismissed without prejudice the claims seeking damages based on the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

For the same reasons set forth in Judge Engelamyer's January 10, 2025 order, the Court declines to construe this action as brought under Section 2254. First, Plaintiff has not exhausted his state court remedies, which he must do before challenging a conviction in a *habeas corpus*

petition. *See* Section 2254. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Second, Plaintiff's claim for damages arising from his conviction are dismissed under the favorable termination rule set forth in *Heck*. Under *Heck*,

> to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]

*Id.* at 486-87. This dismissal is without prejudice to Plaintiff's filing a new civil action should he prove that his conviction has been invalidated, as required under *Heck*.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice.

The Court declines to construe this action as brought under 28 U.S.C. § 2254 because Plaintiff has not exhausted his state court remedies.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: April 28, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge